Filed 8/10/15  In re Amaya B. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re AMAYA B., a Person Coming Under the Juvenile Court Law. | B259770<br>(Los Angeles County<br>Super. Ct. No. TJ21473) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AMAYA B.,<br><br>    Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Catherine J. Pratt, Juvenile Court Referee.  Affirmed as corrected with directions.

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

## FACTUAL AND PROCEDURAL BACKGROUND

After Amaya B. (then 13 years old) punched, kicked, and hit a middle school classmate with a belt, the People filed a petition alleging that she had committed assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)). Amaya denied the allegation and filed a motion pursuant to Welfare and Institutions Code section 700.1 to suppress her statements to David Llamas, a Los Angeles School Police Officer, in which she admitted beating up J.J. (then 12 years old) after school. Amaya argued that Officer Llamas obtained her statements in violation of the Fourth Amendment.

The court heard the suppression motion in conjunction with the jurisdiction hearing. Officer Llamas testified that he interviewed J.J. the day after the incident. J.J. said he saw his attacker during the assault but did not know her name. Nor was he able to find her photograph in the school yearbook. J.J. explained to the officer, however, that he had since learned from others that his attacker's name was Amaya.

Officer Llamas testified that he spoke to Amaya on the campus of the middle school. Before commencing the interview, Officer Llamas advised Amaya of her right to remain silent, to the presence of an attorney and, if indigent, to appointed counsel. (*Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602].) Amaya waived her rights and made incriminating statements.

Following argument by counsel, the juvenile court denied the motion to suppress and Officer Llamas' testimony resumed. He testified Amaya admitted to him that she had beat up J.J. because he had called her names, and she described the assault in detail. J.J. also testified about the attack. Amaya presented no evidence in her defense.

At the conclusion of the jurisdiction hearing, the juvenile court found the allegation true, declared the offense a felony, and sustained the petition. The court ordered Amaya home on probation and awarded her one day of predisposition credit. Amaya filed a timely notice of appeal, challenging the denial of her suppression motion.

2

**DISCUSSION**

We appointed counsel to represent Amaya on appeal. After examination of the record counsel filed an opening brief raising no issues. On April 29, 2015 we advised Amaya that she had 30 days within which to submit any contentions or issues she wanted us to consider. We have received no response.

We have examined the record and are satisfied Amaya's attorney on appeal has fully complied with the responsibilities of counsel and there are no arguable issues.[1] (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

When the juvenile court sustained the delinquency petition and placed Amaya on probation, however, the court did not adjudicate her a ward of the court. Although the clerk's minute order indicates Amaya was declared a ward of the court, "[w]hen there is a discrepancy between the oral pronouncement of judgment and the minute order, the oral pronouncement controls." (*People v. Morales* (2014) 224 Cal.App.4th 1587, 1594.) "'The clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order. . . . [Citation.] . . . [T]he clerk's minutes must accurately reflect what occurred at the hearing.'" (*Ibid.*, quoting *People v. Zackery* (2007) 147 Cal.App.4th 380, 387.) In addition, the minute order does not reflect that the juvenile court orally awarded Amaya one day of predisposition credit. (See *In re A.M.* (2014) 225 Cal.App.4th 1075, 1085 ["[i]n a juvenile delinquency proceeding, 'a minor is entitled to credit against his or her maximum term of confinement for the time spent in custody

---

[1] Amaya did not argue in her suppression motion that the waiver of her *Miranda* rights was not knowing, voluntary, and intelligent. (See *People v. Scott* (2011) 52 Cal.4th 452, 482 [*Miranda* claim forfeited where "*Miranda* was not one of the several grounds upon which defendant challenged the admissibility of this statement below," and "[a]s a result, the trial court had no opportunity to resolve material factual disputes and make necessary factual findings"]; *People v. Holt* (1997) 15 Cal.4th 619, 667 ["[h]aving failed to make [*Miranda* as a] basis for exclusion clear either in his written motion or at the hearing on that motion, defendant has waived the right to assert error on those grounds now"].)

3

before the disposition hearing,'" and "'[i]t is the juvenile court's duty to calculate the number of days earned, and the court may not delegate that duty'"].)

## DISPOSITION

The cause is remanded for the juvenile court to declare Amaya B. a ward of the court and to prepare a corrected disposition order reflecting an award of one day of predisposition credit.  In all other respects, the order is affirmed.

SEGAL, J.

We concur:

PERLUSS, P. J.

ZELON, J.

4