Filed 3/26/14

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRITTANY MARIE MORALES,<br><br>    Defendant and Appellant. | H039915<br>(Monterey County<br> Super. Ct. No. SS120043A) |

Pursuant to a negotiated plea, defendant Brittany Marie Morales pleaded no contest to one misdemeanor count of possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)). The court granted her three years probation; the court's order included a probation condition that she serve two days in the county jail, with credit for time served. The court also imposed fines and fees.

In July 2013, defendant's counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that set forth the facts of the case, but raised no specific issue, and asked this court to review the record and determine whether there are any arguable issues on appeal. Following our review of the entire record, we asked the parties to brief the following question: "Which court has appellate jurisdiction over this case: the Court of Appeal or the appellate division of the superior court?" We asked the parties to discuss three cases, including this court's recent opinion in *People v. Scott* (2013) 221 Cal.App.4th 525 (*Scott*), which held, on similar facts, that appellate jurisdiction is with the appellate department of the superior court. In their letter briefs,

both parties assert that this case is distinguishable from *Scott* procedurally and that this court has jurisdiction over the appeal. We agree. In addition, we conclude that the judgment must be corrected to impose but stay a mandatory probation revocation restitution fine (§ 1202.44). After independently reviewing the record, we conclude that there are no other arguable issues on appeal and will therefore affirm the judgment as modified.

## FACTS

The facts are based on the testimony of two Salinas Police officers at the preliminary hearing.

### Testimony of Officer Jeffrey Gibson

On January 2, 2012, shortly after noon, Officer Gibson was dispatched to room 228 of the Good Nite Inn to respond to a report of a domestic disturbance. The dispatcher told Officer Gibson, who had worked for the Salinas Police Department for 19 years, that there was a possibility a baby was involved.

When he arrived at the motel, Officer Gibson went directly to room 228, which was on the second floor; he did not go to the motel office. Officer Gibson was wearing his police uniform. As he walked up the stairs, he did not hear any yelling, screaming, or banging. When Officer Gibson got to the second floor landing, he saw an individual standing two doors down from room 228, pointing at room 228. When Officer Gibson got to room 228, someone came out of room 229 and also pointed at room 228.

Officer Gibson stood in front of room 228 and heard talking. He did not hear angry voices or anything out of the ordinary, so he knocked on the door and announced "Salinas Police." He knocked "about five times" before someone answered the door. Defendant opened the door three to four inches, peaked out, and immediately walked

2

away from the door. Officer Gibson said 30 seconds passed between the time he first knocked on the door and the time defendant opened the door.

Officer Gibson did a "visual sweep" of the room, looking for threats, including other people and weapons. The motel room consisted of one room with a bathroom; it was not a suite. Officer Gibson saw defendant and one other woman standing near the door to the bathroom. Neither woman said anything.

Officer Gibson decided to separate the women and asked defendant to walk toward him. As she started to move, Officer Gibson took one step into the room. Defendant took two or three steps toward the officer. As she passed a dresser, defendant grabbed something from the top of the dresser with her right hand, and clenched it in her fist. Officer Gibson could not tell what she had grabbed and did not know whether it was a weapon. On cross-examination, he testified that there are handguns that can be concealed in the palm of the hand. Defendant took one more step, sat on the bed, and placed her right hand under her right thigh. By that time, another officer (Officer Lopez) had arrived. Officer Gibson directed the other woman to step out of the room and she left willingly with Officer Lopez.

Officer Gibson directed defendant to pull her right hand out from under her thigh twice and she did not comply. Officer Gibson then grabbed defendant's right wrist, placed her in a "control hold," and pulled her hand out from under her thigh. As he pulled her hand out, a clear baggie fell out of her hand onto the bed. Officer Gibson, who had worked in narcotics for six years, recognized the contents of the baggie as methamphetamine.

### Testimony of Officer Chris Swinscoe

A third officer, Officer Swinscoe, arrived at the scene and took over the investigation; he arrested defendant for possession of methamphetamine. When

3

defendant stood up to be hand-cuffed, Officer Swinscoe saw a second baggie of methamphetamine on the bed where she had been sitting.

Officer Lopez told Officer Swinscoe that the other woman, whose surname was Greco, claimed to have been assaulted. Officer Swinscoe asked Greco if she wanted to file assault charges against defendant and she said "no." He asked defendant if she wanted to file assault charges against Greco and she said "no."

Officer Swinscoe gave defendant the *Miranda*[1] warnings. After she waived her *Miranda* rights, defendant told Officer Swinscoe she had last used methamphetamine two days before. The officer tested the contents of the baggies and they were positive for methamphetamine. The combined weight of the contents of the two baggies was approximately 0.5 grams, which Officer Swinscoe testified was a usable amount.

## PROCEDURAL HISTORY

### *Pre-Plea Proceedings in Trial Court*

Defendant was charged by complaint with a single count: felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). On January 12, 2012, defendant waived formal arraignment and pleaded not guilty. A week later, defendant moved to suppress the evidence of the methamphetamine pursuant to Penal Code section 1538.5,[2] arguing that the police had conducted a warrantless search of her motel room in violation of her Fourth Amendment rights.

The court conducted a preliminary hearing on March 7, 2012. At that time, the court also took evidence and heard argument on the motion to suppress. The court denied the motion to suppress. At that same hearing, defendant made a motion to reduce the offense to a misdemeanor (§ 17, subd. (b)). The court denied that motion and held

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436.

[2] All further unspecified statutory references are to the Penal Code.

4

defendant to answer for felony possession of methamphetamine. The parties stipulated that the matter could be certified to the superior court on the existing complaint. The court struck the word "Complaint" on the complaint and replaced it with "Information." Defendant then pleaded not guilty to the "Information."

On April 19, 2012, defendant filed a section 995 motion to dismiss, arguing that the evidence presented at the preliminary hearing was insufficient to support a conviction for possession of a controlled substance because the witnesses had not made an express in-court identification of her. The prosecution opposed the motion, citing several points in the testimony where the officers referred to defendant as "the defendant," "Ms. Morales," or "the defendant in the case, Ms. Morales."

On June 12, 2012, defendant renewed her motion to suppress in the superior court. In her papers, she argued that Officer Gibson entered her motel room without a warrant when he pushed the door open and broke the threshold with his arm and again when he stepped into the room. Defendant also contended that there were no exigent circumstances or community caretaking reasons that supported the warrantless entry into her motel room. She argued that although the matter was reported as a domestic disturbance, Officer Gibson had no specific facts regarding the severity of the disturbance and did not hear a continued argument or physical altercation.

On June 22, 2012, the superior court heard the motion to dismiss (§ 995) and the motion to suppress (§ 1538.5), and denied both motions. The court held that Officer Gibson was justified in entering the motel room to deal with exigent circumstances and acted reasonably in response to the situation presented. The court reasoned that Officer Gibson, a 19-year veteran, was responding to a domestic violence call, which the court characterized as "a danger zone." The court found that this was not an anonymous, unconfirmed report, but that the report was corroborated by the two persons who pointed at room 228 and thereby confirmed that something had just happened there. The court

5

also relied on the time it took (30 seconds) for defendant to answer the door to a small room and her unusual reaction to a police officer at her door.

*Change of Plea and Sentencing*

On January 15, 2013, pursuant to a negotiated disposition, the prosecution made a motion to amend the "complaint" to allege misdemeanor possession of methamphetamine. Defendant pleaded no contest to that offense. The court granted defendant three years probation. The conditions of probation included that defendant serve two days in jail with credit for two actual days served. The court ordered defendant to pay a fine of $425, which was "inclusive of all penalties and assessments." And the court imposed a restitution fine of $140 (§ 1202.4, subd. (b)), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373). According to the court's minute order, the court also imposed and stayed a $140 probation revocation restitution fine (§ 1202.44). After defendant entered her plea to the misdemeanor offense, all other charges were dismissed.

*Appellate Proceedings*

On January 18, 2013, defendant filed a notice of appeal in the superior court using the judicial council form for misdemeanor appeals. Pursuant to *Wende*, *supra*, 25 Cal.3d 436, defendant's appellate counsel filed an opening brief in the appellate division of the superior court (hereafter sometimes "appellate division") that stated the case and the facts but raised no specific issue. Citing California Rules of Court, rule 8.304,[3] the appellate division certified this case for transfer to our court, on the ground that defendant's offense was originally charged as a felony. We appointed defendant's appellate counsel to represent her in this court and he filed the same opening brief in this

---

[3] All further rules citations are to the California Rules of Court.

court that he had filed in the appellate division. We also notified defendant of her right to submit written argument on her own behalf within 30 days. We have received no written argument from defendant.

## DISCUSSION

### *Probation Revocation Restitution Fine*

As we have noted, according to the court's minute order, the court imposed and stayed a $140 probation revocation restitution fine (§ 1202.44). Our review of the reporter's transcript, however, reveals that the court did not mention the $140 probation revocation restitution fine (§ 1202.44) at the time of sentencing.

" 'Rendition of judgment is an oral pronouncement.' " (*People v. Mesa* (1975) 14 Cal.3d 466, 471.) When there is a discrepancy between the oral pronouncement of judgment and the minute order, the oral pronouncement controls. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) "The clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order . . . . [Citation.] . . . [T]he clerk's minutes must accurately reflect what occurred at the hearing." (*Id*. at pp. 387-388.) Since imposition of the probation revocation restitution fine (§ 1202.44) is mandatory when probation has been granted and the amount of the probation revocation restitution fine is fixed by statute, we will correct the judgment to impose and stay a $140 probation revocation restitution fine. (§ 1202.44 ["In every case in which a . . . period of probation is imposed, the court shall, at the time of imposing the restitution fine [(§ 1202.4)] . . . , assess an additional probation revocation restitution fine in the same amount [as the restitution fine]. This additional probation revocation restitution fine shall become effective upon the revocation of probation"].)

7

*Appellate Jurisdiction*

As we have stated, upon conducting our independent review of the record, we asked the parties[4] to brief the question whether this court or the appellate division of the superior court has appellate jurisdiction over this case.

The Courts of Appeal have "appellate jurisdiction over appealable orders from 'felony case[s].' (. . . § 1235, subd. (a); see Cal. Const., art. VI, § 11.) The appellate divisions of the superior courts, by contrast, have appellate jurisdiction over appealable orders from 'misdemeanor case[s].' (§ 1466; see Cal. Const., art. VI, § 11.)" (*People v. Nickerson* (2005) 128 Cal.App.4th 33, 36 (*Nickerson*); § 1235, subd. (b) ["An appeal from the judgment or appealable order in a felony case is to the court of appeal for the district in which the court from which the appeal is taken is located"].)

Section 691 provides the following definitions: " 'Felony case' means a criminal action in which a *felony is charged* and includes a criminal action in which a misdemeanor or infraction is charged in conjunction with a felony." (§ 691, subd. (f); italics added.) " 'Misdemeanor or infraction case' means a criminal action in which a misdemeanor or infraction is charged and does not include a criminal action in which a felony is charged in conjunction with a misdemeanor or infraction." (§ 691, subd. (g).)

A "felony is a crime that is punishable with death, by imprisonment in the state prison, or notwithstanding any other provision of law, by imprisonment in a county jail under the provisions of subdivision (h) of Section 1170." (§ 17, subd. (a).) Section 1170, subdivision (h) sets forth rules regarding the sentencing of felony offenders under the Criminal Justice Realignment Act of 2011.

Rule 8.304 governs appeals in felony cases. It provides in relevant part: "(a) . . . [¶] (1) To appeal from a judgment or an appealable order of the superior court in a felony

---

[4] The People's letter brief was filed by the Monterey County District Attorney's Office, after consultation with the Attorney General.

8

case . . . the defendant or the People must file a notice of appeal in that superior court. . . . . [¶] (2) As used in (1), 'felony case' means any criminal action in which *a felony is charged, regardless of the outcome.* A felony is 'charged' when an information or indictment accusing the defendant of a felony is filed or a complaint accusing the defendant of a felony is certified to the superior court under . . . section 859a. A felony case includes an action in which the defendant is charged with: [¶] (A) A felony and a misdemeanor or infraction, but is convicted of only the misdemeanor or infraction; [¶] (B) A felony, but is convicted of only a lesser offense; or [¶] (C) An offense filed as a felony but punishable as either a felony or a misdemeanor, and the offense is thereafter deemed a misdemeanor under . . . section 17(b)." (Italics added.)

The Advisory Committee comment to rule 8.304 states in part: "Rule 8.304(a)(2) makes it clear that a 'felony case' is an action in which *a felony is charged regardless of the outcome* of the action. Thus the question whether to file a notice of appeal under this rule or under the rules governing appeals to the appellate division of the superior court (rule 8.700 et seq.) is answered simply by examining the accusatory pleading: if that document charged the defendant with at least one count of felony (as defined in . . . section 17(a)), the Court of Appeal has appellate jurisdiction and the appeal must be taken under this rule even if the prosecution did not result in a punishment of imprisonment in a state prison. [¶] It is settled case law that an appeal is taken to the Court of Appeal not only when the defendant is charged with and convicted of a felony, but also when the defendant is charged with both a felony and a misdemeanor (. . . § 691(f)) but is convicted of only the misdemeanor (e.g., *People v. Brown* (1970) 10 Cal.App.3d 169); when the defendant is charged with a felony but is convicted of only a lesser offense (. . . § 1159; e.g., *People v. Spreckels* (1954) 125 Cal.App.2d 507); and when the defendant is charged with an offense filed as a felony but punishable as either a felony or a misdemeanor, and the offense is thereafter deemed a misdemeanor under . . . section 17(b) (e.g., *People v. Douglas* (1999) 20 Cal.4th 85; *People v. Clark* (1971)

9

17 Cal.App.3d 890).'' (Advisory Com. com., 23 pt. 3 West's Ann. Codes, Rules (2006 ed.) foll. rule 8.304, p. 152, italics added; see also *Nickerson*, *supra*, 128 Cal.App.4th at p. 37 [quoting Advisory Committee comment to former rule 30, the predecessor to rule 8.304].)

In this case, defendant was charged by complaint with a single offense: felony possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). Although the offense is a "wobbler" and may be punished as either a felony or a misdemeanor,[5] defendant was charged with a felony violation of the statute. After the preliminary hearing, defendant was held to answer and the parties stipulated that the matter could be certified to the superior court on the existing complaint. This case therefore meets the definition of a "felony case" under rule 8.304(a)(2), since a "complaint accusing . . . defendant of a felony [was] certified to the superior court." And under subdivision (a)(2)(B) of rule 8.304, although defendant was ultimately convicted of a lesser offense, this is still a felony case for the purposes of appellate jurisdiction, since defendant's offense was charged as a felony.

*Nickerson* does not compel a different conclusion. In that case, the original complaint alleged a felony and two misdemeanors. After the preliminary hearing, the trial court, acting as a magistrate, held the defendant to answer only on the two misdemeanors. After a jury convicted the defendant of one of the misdemeanors, the defendant filed a notice of appeal in the superior court and the clerk of the court directed the appeal to the court of appeal. (*Nickerson*, *supra*, 128 Cal.App.4th at p. 36.) The issue on appeal was: "when is a felony 'charged' for purposes of ascertaining appellate jurisdiction?" (*Id*. at p. 37.) The court held that a defendant is not charged with a felony within the meaning of section 691 until an information or indictment is filed or a

_____

[5] Health and Safety Code section 11377, subdivision (a) provides that possession of methamphetamine "shall be punished by imprisonment in a county jail for a period of not more than one year or pursuant to subdivision (h) of Section 1170 of the Penal Code."

10

complaint is certified to the superior court pursuant to section 859. (*Id.* at p. 38.) The court concluded that when the case goes before the magistrate for a preliminary examination and the court as magistrate reduces all of the felony charges from felonies to misdemeanors, the defendant is never charged with a felony. The resulting case is thus a misdemeanor case and appellate jurisdiction belongs in the appellate division of the superior court. (*Ibid.*)

Unlike *Nickerson*, after the preliminary hearing in this case, the court held defendant to answer on the felony charge and the parties stipulated that the felony complaint would be certified to the superior court. At that point, under rule 8.304, the case was a felony case. And, as we shall explain, the case remained a felony case thereafter. Since this is a felony case, the Court of Appeal has appellate jurisdiction.

Likewise, this court's recent decision in *Scott*, *supra*, 221 Cal.App.4th 525 does not compel a different result. Following a preliminary hearing in that case, the defendant was held to answer on one felony count. Eight days later, the prosecution filed an information charging the defendant with one felony and three misdemeanors. (*Id.* at p. 527.) Under rule 8.304, at that point, the case became a felony case. Four days after that, however, the prosecution moved to dismiss the felony count for insufficiency of the evidence. The court dismissed the felony and the defendant pleaded not guilty to the three misdemeanors. (*Id.* at p. 527-528.) The case was subsequently set for trial in a misdemeanor department. (*Id.* at pp. 528, 533, fn. 5.) On the first day of trial, the prosecution filed a " 'First Amended' misdemeanor complaint" charging the defendant with three misdemeanor offenses. (*Id.* at p. 528.) The jury found the defendant guilty as charged. (*Ibid.*) The defendant filed a " 'Misdemeanor' " notice of appeal and other appellate notices using the forms for misdemeanor appeals. (*Id.* at pp. 528, 533.) Scott's appeal eventually made its way to this court.[6]

_____

[6] The opinion in *Scott* does not explain how the appeal ended up in this court.

11

In *Scott,* this court "questioned whether appellate jurisdiction was vested in this court or the appellate division of the superior court" and asked the parties to brief the issue. (*Scott, supra,* 221 Cal.App.4th at p. 528.) After reviewing section 691, rule 8.304, the Advisory Committee comment to the rule, and the cases cited in the comment, this court concluded that the appellate division of the superior court had appellate jurisdiction in *Scott* and transferred the case to that court. (*Id.* at pp. 528-529, 534.) In concluding that *Scott* was a misdemeanor case, we noted that the only felony count had been dismissed before trial and that the defendant was charged by an "amended" complaint with only three misdemeanors. We explained, "[a]t this point, Scott stood charged with misdemeanors and no felony counts. It is axiomatic that for all intents and purposes this is a case in which Scott was not charged with a felony. Based on . . . a close reading of the Advisory Committee comment to rule 8.304 [and the cases cited therein], we are convinced that the 'regardless of the outcome' language in rule 8.304 does not extend to cases wherein the felony count is dismissed entirely, because in this situation there is no 'prosecution.' " (*Id.* at p. 532.) We explained that when a pleading is amended, the amended pleading supersedes the original pleading, which is "set aside and abandoned." (*Id.* at pp. 532-533.) We also stated that "[t]he superior court recognized that this was a misdemeanor case and set the trial in a misdemeanor department. Scott's trial counsel recognized that this was a misdemeanor case and filed a misdemeanor notice of appeal," as well as other forms used in misdemeanor appeals. (*Id.* at p. 533.) Having determined that the effective pleading charged the defendant with only three misdemeanors, we held that the appeal was not properly before this court and transferred it to the appellate division of the superior court. (*Id.* at p. 534.)

Defendant asserts that, unlike *Scott*, her offense "was charged as a felony. She was held to answer for a felony, arraigned on a felony information, pleaded to a felony, and proceeded to trial on the felony calendar. She ultimately pleaded to a reduced charge

12

on the existing information." Defendant contends that since she was charged with and prosecuted for a felony, appellate jurisdiction of her case is in the Court of Appeal.

This case is procedurally distinguishable from *Scott* in several respects. After this case was certified to the superior court on the existing complaint, which charged defendant with a felony, it remained in the superior court for several months. During that time, defendant filed a section 995 motion to dismiss and renewed her motion to suppress. After the court ruled on the motion to suppress, the parties appeared before the court seven times for pretrial and trial setting conferences. Unlike *Scott*, the record here does not reveal whether these proceedings took place in a felony or a misdemeanor department, or whether the Monterey County Superior Court maintains separate departments for felony and misdemeanor cases. Nonetheless, the minute orders for each of the motion hearings and the pretrial proceedings all identified this case as one in which a felony had been charged.

In *Scott*, the prosecution moved to dismiss the only felony charge for lack of evidence shortly after filing the information. Unlike *Scott*, the felony count in this case was not dismissed. Instead, it was reduced to a misdemeanor in accordance with the parties' plea agreement. In *Scott*, the prosecution filed an entirely new amended complaint on the first day of trial, which charged only misdemeanor offenses, and which superseded the previously filed information. In contrast, the prosecution in this case did not file an amended pleading. The felony complaint, which had been certified to the superior court, remained in effect up until the time of the negotiated plea and was amended by interlineation at the change of plea hearing to allege a misdemeanor count of possession of methamphetamine to conform to the parties' negotiated disposition. Furthermore, the fact that this case was a felony case when the parties entered into their plea agreement may have led to the negotiated disposition agreed to by defendant.

Defendant contends that "appellate jurisdiction is ascertained by examining how the case was originally charged." Under *Nickerson*, it is imprecise to say the original

13

charging document controls. In *Nickerson*, although the original complaint contained a felony count, the defendant was never held to answer for the felony and the case proceeded past the preliminary hearing stage on the misdemeanor counts only. No felony information or indictment was ever filed; no complaint charging the defendant with a felony was ever certified to the superior court. Thus, even though the original charging document contained a felony, it was a misdemeanor case for the purpose of appellate jurisdiction. Under rule 8.304, once the defendant is held to answer for a felony offense and an information or indictment is filed or a complaint accusing the defendant of a felony is certified to the superior court, the charging document then controls. *Scott* is not to the contrary, since the original information in that case ceased to exist when the amended misdemeanor complaint was filed.

The People urge us to follow the "regardless of the outcome" test[7] in rule 8.304, arguing that it provides "a workable bright line rule to determine whether appellate jurisdiction rests with the Court of Appeal or the appellate division of the superior court. That bright line would be determined by the filing of an information or indictment or a complaint being certified to the superior court." We generally agree that this "regardless of the outcome" bright line rule governs appellate jurisdiction, except in cases like *Scott*, where the prosecution files an entirely new pleading after dismissing any and all felony counts.

For these reasons, we agree with the parties that appellate jurisdiction in this case lies with this court. After independently reviewing the record, we also conclude that there are no other arguable appellate issues, except for the imposition and stay of a probation revocation restitution fine (§ 1202.44) as previously noted.

---

[7] As noted , rule 8.304(a)(2) provides in part: " 'felony case' means any criminal action in which a felony is charged, *regardless of the outcome*. A felony is 'charged' when an information or indictment accusing the defendant of a felony is filed or a complaint accusing the defendant of a felony is certified to the superior court under . . . section 859a." (Italics added.)

## DISPOSITION

We modify the judgment to impose and stay a $140 probation revocation restitution fine (§ 1202.44). As so modified, the judgment is affirmed.

 

 

_____

Márquez, J.

 

WE CONCUR:

 

_____

Rushing, P. J.

 

_____

Premo, J.

Trial Court:                                      Monterey County
                                                  Superior Court No.:  SS120043A


Trial Judge:                                      The Honorable Russell D. Scott


Attorney for Defendant and Appellant             Teresa Biagini
Brittany Marie Morales.:                          under appointment by the Court of
                                                  Appeal for Appellant


Attorneys for Plaintiff and Respondent           Glenn Pesenhofer
The People:                                       Deputy District Attorney