Filed 5/14/14  P. v. Rogers CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| **THE PEOPLE,**<br><br>        **Plaintiff and Respondent,**<br><br>**v.**<br><br>**ALAN ROGERS,**<br><br>        **Defendant and Appellant.** | **A139572**<br><br>**(San Mateo County Super. Ct.<br> No. SC077132)** |

A jury convicted defendant and appellant Alan Rogers of two misdemeanors, battery and false imprisonment.  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  Appellant has not filed a supplemental brief.  We find no arguable issues and affirm.

PROCEDURAL BACKGROUND

In December 2012, appellant was charged by information with one felony count of battery (Pen. Code, § 243, subd. (c)(1)); one felony count of false imprisonment (Pen. Code, § 236); and one misdemeanor count of petty theft (Pen. Code, § 484).  In March 2013, the information was amended to add a misdemeanor battery count (Pen. Code, § 242) and a misdemeanor false imprisonment count (Pen. Code, § 236).  The felony battery and false imprisonment counts were dismissed.

1

The jury found appellant not guilty of petty theft but convicted him of misdemeanor battery and false imprisonment. The trial court sentenced appellant to 30 days in county jail, with credit for 30 days time served. The court also imposed a conviction assessment of $30, an operations assessment of $40, and a $140 restitution fund fine, plus a $154 collection fee. This appeal followed.[1]

FACTUAL BACKGROUND

On the evening of June 2, 2011, process server Donald Schlipp went to serve an unlawful detainer and/or eviction papers on appellant and his friend Ulla Jacobson in Redwood City. The location was a storage yard for heavy machinery surrounded by a fence; appellant and Jacobson were residing in a shipping container on the property.

Schlipp testified he parked outside the property, approached the open gate, and yelled appellant's name. He heard a voice telling him to come in, so he entered the property and walked down a narrow path until he encountered Jacobson. He identified himself, explained he was there to serve legal documents, and handed the papers to Jacobson. Suddenly, appellant emerged angry and yelling out of a shipping container. Appellant accused Schlipp of trespassing and of breaking the law by serving papers after 5:00 p.m. Appellant blocked the exit and told Schlipp he was under citizen's arrest. Appellant also struck Schlipp twice with a closed fist, slapped him, and pushed him to the ground. Schlipp did not try to hit appellant. On appellant's instructions Jacobson blocked the path to the exit with boxes. Eventually police arrived and escorted Schlipp from the property.

A police officer who responded to the scene testified appellant claimed he had been assaulted with a flashlight, although the officer saw no injury. Schlipp's nose was red and swollen, and he had a minor injury to his lower lip. The officer observed that

---

[1]     Because appellant was charged by information with two felonies prior to amendment of the information, appellate jurisdiction lies with this court under the reasoning of *People v. Morales* (2014) 224 Cal.App.4th 1587, at pages 1594-1599.

appellant was very "agitated" and "irate," while Schlipp looked "very passive, kind of this deer in the headlights look."[2]

Jacobson testified on appellant's behalf that the gate to the property was closed, and she was startled when she discovered Schlipp on the property. Appellant questioned Schlipp about his presence on the property, and Schlipp dropped a flashlight aimed at appellant's head. Jacobson called the police. Appellant did not block Schlipp from leaving, and he did not punch or push Schlipp. At some point Schlipp fell into a woodpile.

Appellant also testified on his own behalf.

DISCUSSION

We have reviewed the entire record and have found no arguable appellate issues. The trial court properly denied appellant's request for new counsel under *People v. Marsden* (1970) 2 Cal.3d 118. The trial court also properly permitted appellant to represent himself pursuant to *Faretta v. California* (1975) 422 U.S. 806, although he ultimately retained counsel who represented him at trial. There were no prejudicial errors in the admission of evidence at trial. There were no prejudicial errors in the court's instructions to the jury regarding the elements of the charged offenses. Substantial evidence supports the jury's verdict. The trial court's sentence and fines were proper.

Appellate counsel advised appellant of his right to file a supplemental brief to bring to this court's attention any issue he believes deserves review. (*People v. Kelly* (2006) 40 Cal.4th 106.) This court granted appellant two extensions of the time for filing a supplemental brief, but appellant did not file a supplemental brief.[3] There are no legal issues that require further briefing.

---

[2]    The petty theft charge was based on evidence suggesting appellant stole Schlipp's driver's license and process server identification. Because appellant was acquitted of that charge, we need not and do not summarize that evidence.

[3]    On April 30, 2014, appellant requested a further extension of the time for filing a supplemental brief. The request was not in accordance with rule 8.60 of the California Rules of Court and did not include a proof of service. In any event, even if the request

3

DISPOSITION

The judgment is affirmed.

_____
SIMONS, Acting P.J.

We concur.

_____
NEEDHAM, J.

_____
BRUINIERS, J.

_____
were properly presented, we would deny it because appellant has not shown good cause for a further extension.

4