Filed 8/3/16  In re V.C. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re V. C., A Person Coming Under the Juvenile Court Law. | B265296 |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>V. C.,<br><br>        Defendant and Appellant. | (Los Angeles County<br>Super. Ct. No. TJ21864) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Catherine J. Pratt, Juvenile Court Referee.  Affirmed with directions.

        Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr. and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

The juvenile court declared V.C. a ward of the court after it found he committed second-degree robbery when he forcibly took money from his seventh-grade classmate. In pronouncing V.C.'s conditions of probation, the court ordered V.C. not to discuss any facts of the robbery with the victim, but allowed V.C. to otherwise communicate with the victim. However, the conditions of probation set forth in the court's minute order from the disposition hearing prohibit V.C. from communicating at all with the victim.

On appeal, V.C. contends the court's dispositional minute order should be amended to reflect the trial court's oral pronouncement of his probation conditions. We agree.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2014, V.C. was detained in connection with a robbery at his middle school. V.C. and his group of friends approached the victim and demanded that he give them his money. When the victim refused, V.C. grabbed him by the shoulders and pushed him against the wall. One of V.C.'s friends then reached into the victim's back pocket and removed the money.

After V.C. was detained, the District Attorney's Office filed a Welfare and Institutions Code section 602 petition, alleging V.C. committed second-degree robbery (Pen. Code, § 211). In July 2015, the juvenile court sustained the burglary allegation and declared V.C. a ward of the court. The court then placed V.C. at home on probation. In pronouncing V.C.'s terms of probation, the court instructed V.C. "You're not to . . . have any contact with [the victim]." However, after V.C.'s counsel informed the court that V.C. and the victim still go to the same school and are now friends, the court changed V.C.'s probation condition relating to contact with the victim, stating: "With [the victim], I don't want you to talk to him about what happened as far as on this particular day." The clerk's minute order from the disposition hearing does not, however, accurately reflect the court's final oral pronouncement of V.C.'s probation conditions. Probation Condition 15 in the minute order states: "You must not have any contact with or have someone else contact the victim[] or witnesses of any offense

against you." Probation Condition 15A further states: "Specifically no contact with [the victim]." This appeal followed.

## DISCUSSION

V.C. contends, and the People concede, Probation Conditions 15 and 15A as reflected in the dispositional minute order should be amended to reflect the court's oral pronouncement of those conditions. We agree.

The court's oral pronouncement constitutes the judgment. (*People v. Mesa* (1975) 14 Cal.3d 466, 471.) The entering of the judgment in the minutes is a clerical function. (*Ibid.*) When the reporter's transcript and the clerk's minute order are in conflict, "[they] will be harmonized if possible; but where this is not possible that part of the record will prevail, which, because of its origin and nature or otherwise, is entitled to greater credence." (*People v. Smith* (1983) 33 Cal.3d 596, 599.) Generally, when there is a discrepancy between the oral pronouncement of judgment and the minute order, the oral pronouncement controls. (*People v. Morales* (2014) 224 Cal.App.4th 1587, 1594, citing *People v. Zackery* (2007) 147 Cal.App.4th 380, 385 (the clerk's minutes must accurately reflect what occurred at the hearing].)

Here, the conditions set forth in the minute order conflict with the conditions orally pronounced by the court. When it pronounced V.C.'s final conditions of probation, the court ordered V.C. to refrain from speaking to the victim about the robbery only; it did not prohibit V.C. from otherwise contacting the victim. However, Probation Conditions 15 and 15A set forth in the minute order from the disposition hearing prohibit V.C. from having any contact with the victim. Thus, the court must amend its dispositional minute order to reflect its oral pronouncement of V.C.'s probation conditions.

3

## DISPOSITION

The juvenile court is directed to amend Probation Conditions 15 and 15A in its July 1, 2015 minute order to reflect the court's oral pronouncement of those conditions. In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

ALDRICH, Acting P. J.

HOGUE, J.*

---

*        Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4