Filed 6/27/23  P. v. Acevedo CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097122 |
| Plaintiff and Respondent, | (Super. Ct. No. 17FE022399) |
| v. | |
| JUNIOR JEREMIAH ACEVEDO, | |
| Defendant and Appellant. | |

Defendant Junior Jeremiah Acevedo pled no contest to one count of unlawful sexual penetration of a minor and one count of unlawful sexual intercourse with a minor in exchange for 365 days in jail and five years of formal probation.  Defendant was advised he would be required to register as a sex offender under Penal Code[1] section 290.

---

[1]    Undesignated section references are to the Penal Code.

1

Following the enactment of Senate Bill No. 145 (2019-2020 Reg. Sess.) (Stats. 2020, ch. 79, § 2), defendant filed a motion to modify a condition of his probation. Defendant argued Senate Bill No. 145 applies retroactively to him and exempts him from mandatory sex offender registration under section 290 because he was not more than 10 years older than the minor when the unlawful sexual penetration offense occurred (§ 290, subd. (c)(2)). He requested that the trial court "delete the condition of probation that he be required to register as a sex offender." The trial court denied the motion. Defendant appeals.

We affirm. We conclude the mandatory sex offender registration requirement was not imposed as a condition of probation. The trial court thus did not err in denying defendant's section 1203.3, subdivision (a) motion. We decline defendant's request to construe his motion as a petition for writ of habeas corpus. As we explain, the record does not conclusively establish that defendant is exempt from discretionary sex offender registration under section 290.006 as a matter of law.

FACTUAL AND PROCEDURAL BACKGROUND

In 2018, at the hearing during which defendant entered his plea, defendant's counsel laid out the terms of the plea agreement and the prosecutor informed the court, "[T]his is a [section] 290 . . . registration case." The prosecutor then laid out the stipulated factual basis for the plea, which included that the unlawful sexual penetration victim was 15 years old and defendant was 18 years old at the time of the offense. The trial court advised defendant of the consequences arising from pleading no contest to the charges, including that defendant would "be required to register as a convicted sex offender within the meaning of . . . [s]ection 290 for the remainder of [his] life." After defendant said he understood the consequences and confirmed his intent to enter the plea, the trial court accepted the plea.

At the imposition of judgment and sentencing hearing, the trial court confirmed the parties' agreement "at the time of the change of plea was five years [of] formal

probation and 365 days county jail, [section] 290 registration." The trial court said it would not "disturb the agreement that was reached between the parties in this matter" and noted, "[W]e have a sex registration requirement that will be imposed." The trial court "impose[d] a five-year formal probationary grant [and] sentence[d] . . . defendant to 365 days [in] county jail." The trial court imposed fees and fines and a requirement that defendant may not have contact with the named victims[2] or associate with any minor, except for his sister, without an adult being present. The trial court next pronounced: "The defendant is ordered to register as a convicted sex offender within the meaning of . . . [s]ection 290 with the sheriff's or police department. The Court will impose and suspend term eight on the probation conditions pending successful completion of probation. [¶] Restitution in an amount to be determined both to the victims as well as the California Victim's Compensation Board. Participate in and successfully complete the certified sex offender management program . . . . The defendant is prohibited from owning, possessing firearm, ammunition as we discussed during the change of plea. Electronic search conditions." The trial court also imposed flash incarceration provisions and then asked defendant if he accepted the grant of probation. Defendant responded in the affirmative. The trial court next advised defendant: "Mr. Acevedo, after you've served your time, you have then 48 hours to report to the Sacramento County Probation Department as you are on formal probation. Okay? It's a very active grant of probation that you will be on. They really do supervise these types of cases. Okay? Make sure you strictly comply with the registration statutes. Okay?" Defendant responded, "Yes, sir." The trial court then remanded defendant to serve his sentence.

In 2020, the Legislature enacted Senate Bill No. 145 (2019-2020 Reg. Sess.). Senate Bill No. 145 amended section 290, subdivision (c)(2) to exempt from mandatory

---

[2]     The counts were perpetrated against different victims.

sex offender registration a person convicted of certain offenses involving minors if the person is not more than 10 years older than the minor and if that offense is the only one requiring the person to register. (Stats. 2020, ch. 79, § 2.) The trial court may, however, still require such a person to register as a sex offender pursuant to section 290.006 (§ 290, subd. (c)(2)), "if the court finds at the time of conviction or sentencing that the person committed the offense as a result of sexual compulsion or for purposes of sexual gratification" (§ 290.006, subd. (a)).

In 2022, defendant filed a motion under section 1203.3 "to modify the conditions of his probation" by "delet[ing] the condition of probation that he be required to register as a sex offender" because the Legislature amended section 290, subdivision (c) "to no longer require registration for a conviction of . . . section 289[,] subdivision (h) under the facts of the present case." Section 1203.3, subdivision (a) provides, "The court has the authority at any time during the term of probation to revoke, modify, or change its order of suspension of imposition or execution of sentence."

At the initial hearing on the motion, the trial court requested supplemental briefing on whether retroactive application under *In re Estrada* (1965) 63 Cal.2d 740 "applies to a case where it's final, on appeal, but the person is still on probation." The trial court addressed defendant's counsel stating, "If you have a case out there, then you may convince me to delete the registration requirement."

At the subsequent hearing, the trial court denied defendant's motion, explaining it was "of the view" defendant's judgment was final in July 2018 and, "[e]ven if that is wrong, . . . the People have a point of, [the registration requirement] wasn't part of probation. At least according to the opposition. [¶] It is like [section] 290 is not a condition of probation, just statutorily required. And that's a whole [other] issue, and I talked about that. [¶] Agencies may not even comply with the court order, even if I did explore the [section] 290 registration requirement. [¶] And that's -- is it pronounced *Pinedo*? I see that a little different because that was a case where the [L]egislature just

4

totally obviated or totally got rid of the narcotic registration requirement. [¶] And [section] 290 is -- there's been -- there's still 20-plus cases that are still subject to the [section] 290 registration. I don't know if *Pinedo* is that helpful for this case. I think it's assembled for [section] 290. It's not punishment. It's not subject to ex post facto. [¶] And there's a lot of cases. The one I cited, the *Garcia* and *Castellanos* case from 1990, from the California Supreme Court, actually confirmed a trial court order and registration pursuant to [section] 290 for an offense that occurred after -- the offense occurred prior. [¶] Let me make sure I get -- yeah, [section] 290 is amended after the offense date and the trial court still ordered registration and the Supreme Court said that's okay because it's not punishable. [¶] And I just don't think there's sufficient authority for the Court to modify probation to exclude the requirement pursuant to . . . Section 290. [¶] So that request is denied." **3** (Italics added.)

Defendant appeals.

DISCUSSION

Defendant argues the order denying his request for modification of a probationary condition is appealable because it affects his substantial rights by requiring him to register as a sex offender for his lifetime or, alternatively, he requests that we construe his motion as a petition for writ of habeas corpus. He further argues that because the section 290 registration requirement is punishment and Senate Bill No. 145 went into effect before his conviction became final, amended section 290, subdivision (c)(2) applies retroactively to him.

The People argue the trial court properly denied defendant's motion "because sex offender registration is not a condition of probation" and "the trial court did not impose

---

**3** It appears the trial court was referring to *People v. Pinedo* (2021) 66 Cal.App.5th 608 and *People v. Castellanos* (1999) 21 Cal.4th 785. We are unable to identify a citation for any pertinent *Garcia* case from the record.

the duty to register as a sex offender as a condition of [defendant's] probation [or] that [defendant] need only register while he was on probation."

In reply, defendant argues the record shows the sex offender registration requirement was imposed as a condition of probation and, "if given discretion" (capitalization omitted), the trial court would have removed the registration requirement. Defendant further requests that, if we decline to grant his request for relief, we remand the matter "with instructions for the trial court to remove the" sex offender registration requirement unless it exercises its discretion to impose the requirement under section 290.006.

We agree with the People that the trial court did not err in denying the motion because the sex offender registration requirement was *not* a condition of probation. The duty to register as a sex offender is a statutory requirement; it is mandatory. The registration requirement applies automatically and imposes on each person convicted of an enumerated offense the obligation to register. (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 876-877.) "Sex offender registration may not be imposed as a probation condition." (*People v. Eastman* (2018) 26 Cal.App.5th 638, 644, 648, boldface & capitalization omitted.)

The discussions between the parties and the trial court during the plea and sentencing hearings show everyone understood the sex offender registration requirement was a term of the plea agreement and was required pursuant to section 290. The trial court's oral pronouncement at the sentencing hearing makes clear that the trial court advised defendant of his *statutory* obligation to register as a sex offender; the trial court did not impose the registration requirement as a condition of probation. At the plea hearing, the trial court further advised defendant that the registration requirement was imposed by statute and would be a requirement "for life"—i.e., the registration requirement was not limited to the term of his probation.

6

Defendant's citation to the record for his assertion that the registration requirement was a condition of probation is to the "MINUTE ORDER & ORDER OF PROBATION," which noted the sex offender registration requirement under the paragraph that states: "It is ordered that imposition of judgment and sentence be suspended and the defendant placed on formal probation for a period of 5 years from the date of this order on the following general and specific terms and conditions." It is well established, however, that "[w]hen there is a discrepancy between the oral pronouncement of judgment and the minute order, the oral pronouncement controls." (*People v. Morales* (2014) 224 Cal.App.4th 1587, 1594.)

We decline to treat defendant's appeal as a petition for writ of habeas corpus. (See *People v. Picklesimer* (2010) 48 Cal.4th 330, 339 [a defendant in actual or constructive custody may challenge his or her obligation to register as a sex offender by filing a petition for writ of habeas corpus; out-of-custody defendants may seek such relief by filing a petition for writ of mandate].) As the People appropriately note, even if defendant is entitled to relief from mandatory sex offender registration under amended section 290, subdivision (c)(2), as he asserts, the trial court may nonetheless exercise its discretion to order defendant to continue to register as a sex offender pursuant to section 290.006.[4]

We disagree with defendant that the record shows the trial court would have removed the registration requirement but for denying the motion on procedural grounds. We do not read the trial court's statements that it "may" be convinced to delete the

---

[4] Our Supreme Court has said that although "section 290.006's language provides for discretionary findings to be made 'at the time of conviction or sentencing,' " it had previously concluded, "[T]he Legislature did not intend by this language to strip courts of the power to later enter findings in instances where, at the time of conviction or sentencing, any need for findings was obviated by the existence of a then valid mandatory registration requirement." (*People v. Picklesimer, supra,* 48 Cal.4th at p. 343, fn. 8.)

registration requirement if defendant's case was not final and it did not think it had sufficient authority to delete the requirement as indicating "a willingness and interest in granting the motion, absent the procedural concerns," as defendant asserts. The record before us does not conclusively establish that defendant is exempt from discretionary registration as a matter of law. (See *People v. Picklesimer*, *supra*, 48 Cal.4th at p. 335 [declining to treat motion challenging sex offender registration requirement as a petition for writ of mandate because, even if the defendant established the right to relief from mandatory sex offender registration, the record before it did "not conclusively establish" that the defendant was exempt from discretionary sex offender registration under § 290.006].)

We also decline defendant's request to remand with instructions for the trial court to remove the sex offender registration requirement unless it exercises its discretion to require registration under section 290.006. The question before us on appeal is whether the trial court erred in denying defendant's *motion to modify a condition of his probation* under section 1203.3, subdivision (a). As explained *ante*, the trial court did not err in denying the motion and we have declined to construe the motion as a petition for writ of habeas corpus. There is thus no basis for us to reach the merits of whether defendant is entitled to the relief he seeks.

DISPOSITION

The order denying defendant's motion to modify a probationary condition is affirmed.

/s/
ROBIE, Acting P. J.

We concur:

/s/
MAURO, J.

/s/
BOULWARE EURIE, J.

9