Filed 4/8/25  P. v. Naranjo Rodriguez CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JUAN JOSE NARANJO RODRIGUEZ,<br><br>Defendant and Appellant. | A171135<br><br>(Mendocino County<br>Super. Ct. Nos. 24CR03915,<br>22CR02535) |

MEMORANDUM OPINION[1]

Defendant Juan Jose Naranjo Rodriguez appeals after the trial court sentenced him to five years in prison in case no. 24CR03915 (the 2024 case) and revoked and reinstated his probation in case no. 22CR02535 (the 2022 case).  He claims, and the Attorney General concedes, that the court erred by (1) imposing a fine in the 2024 case that applies only when a defendant is placed on probation and (2) reinstating probation in the 2022 case, given that he was simultaneously sentenced to prison.  We accept the Attorney General's concession that the fine was improperly imposed in the 2024 case, and we therefore modify the judgment to strike it.  But we lack jurisdiction

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1(2).

over the 2022 case, since Naranjo Rodriguez was charged with only misdemeanors, and we therefore dismiss that portion of the appeal.[2]

The underlying facts are not relevant. In September 2022, Naranjo Rodriguez was charged in the 2022 case with misdemeanor counts of (1) driving under the influence of an alcoholic beverage (DUI), (2) driving with a blood alcohol content (BAC) of .08 percent or higher, and (3) possessing cocaine. It was also alleged as to the second count that his BAC was .15 percent or higher.[3] The following March, under a plea agreement, Naranjo Rodriguez pled no contest to driving with a BAC of .08 percent or higher, and the remaining counts and BAC allegation were dismissed. The trial court placed him on 36 months of informal probation.

A year later, in April 2024, Naranjo Rodriguez was charged in the 2024 case with felony counts of (1) leaving the scene of an accident causing injury, (2) DUI causing injury, and (3) driving with a BAC of .08 percent or higher causing injury, and a misdemeanor count of (4) driving with a suspended license. It was also alleged as to the third count that he had a prior DUI conviction, had a BAC of .15 percent or higher, and inflicted great bodily injury (GBI) on the victim.[4]

---

[2] We gave the parties an opportunity to object to this dismissal, and neither did so.

[3] Naranjo Rodriguez was charged under Vehicle Code section 23152, subdivisions (a) (DUI) and (b) (BAC of .08 percent or higher), and Health and Safety Code section 11350, subdivision (a) (cocaine possession). The BAC allegation was made under Vehicle Code section 23578. All further statutory references are to the Vehicle Code unless otherwise noted.

[4] The charges were brought under sections 20001, subdivision (a) (leaving scene), 23153, subdivisions (a) (DUI causing injury) and (b) (BAC of .08 percent or higher causing injury), and 14601.2, subdivision (a) (driving with suspended license). The allegations as to count three were made under section 23540 based on the conviction in the 2022 case (previous DUI

The following month, under a plea agreement, Naranjo Rodriguez pled no contest to the first count, leaving the scene of an accident causing injury, and the third count, driving with a BAC of .08 percent or higher causing injury, and admitted the GBI allegation. The remaining charges and allegations were dismissed, and the trial court found he had violated probation in the 2022 case.

Naranjo Rodriguez was sentenced on July 23, 2024. In the 2024 case, in accordance with the plea agreement, the trial court sentenced him to five years in prison, composed of the midterm of two years for driving with a BAC of .08 percent or higher causing injury, a consecutive term of three years for the accompanying GBI enhancement, and a concurrent midterm of three years for leaving the scene of an accident causing injury. The court also imposed various fines and fees in the 2024 case, including a $1,000 fine under section 23556, subdivision (a)(1). Finally, the court "revoked and reinstated" probation in the 2022 case at the request of the prosecutor, who noted that "once [Naranjo Rodriguez] gets out of prison he'll still have time on that [DUI] probation." Naranjo Rodriguez appealed from the rulings in both cases.

We begin by concluding that we lack jurisdiction over the appeal in the 2022 case. "The Courts of Appeal have 'appellate jurisdiction over appealable orders from "felony case[s]," ' " whereas " '[t]he appellate divisions of the superior courts . . . have appellate jurisdiction over appealable orders from "misdemeanor case[s]." ' " (*People v. Morales* (2014) 224 Cal.App.4th 1587, 1594–1595; Pen. Code, §§ 691, subds. (f) & (g), 1235, 1466.) For purposes of appellate jurisdiction, a " 'felony case' means any criminal action in which a

conviction), section 23578 (BAC of .15 percent or higher), and Penal Code section 12022.7, subdivision (a) (GBI).

felony is charged, regardless of the outcome. A felony is 'charged' when an information or indictment accusing the defendant of a felony is filed or a complaint accusing the defendant of a felony is certified to the superior court under Penal Code section 859a." (Cal. Rules of Court, rule 8.304(a)(2).) Here, Naranjo Rodriguez was never charged with a felony in the 2022 case, and we therefore must dismiss the appeal from the order reinstating probation in that case.

Turning to the 2024 case, we agree with the parties that the fine under section 23556, subdivision (a)(1), was improperly imposed. That provision requires a trial court placing a defendant on probation under section 23554 to impose a fine between $390 and $1,000 as a condition of probation. In turn, section 23554 applies to defendants being punished for a first conviction under section 23153. Since Naranjo Rodriguez was convicted of violating section 23153 in the 2024 case only and was not placed on probation in that case, section 23556, subdivision (a)(1), does not apply. Thus, the fine imposed under that provision must be stricken.

The appeal from the order in case no. 22CR02535 is dismissed. The judgment in case no. 24CR03915 is modified to strike the fine under section 23556, subdivision (a)(1), and is affirmed as modified. The trial court is directed to prepare an amended abstract of judgment and send a certified copy to the Department of Corrections and Rehabilitation.

4

_____

Humes, P.J.


WE CONCUR:


_____

Banke, J.


_____

Smiley, J.


*People v. Naranjo Rodriguez*  A171135

5