Filed 10/4/21  P. v. Nguyen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RILEY NGUYEN,<br><br>    Defendant and Appellant. | C093197<br><br>(Super. Ct. No. 17FE010115) |

Appointed counsel for defendant Riley Nguyen has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)

Defendant filed his notice of appeal on November 23, 2020.  Due to delays in the preparation of the record, and multiple extensions to the briefing schedule, this case was not fully briefed until August 13, 2021.

Our review of the record discloses errors that require correction.

We conclude any unpaid portion of the main jail booking fee and main jail classification fee is unenforceable and uncollectable as of July 1, 2021, and must be vacated.  In addition, the trial court did not impose the mandatory parole revocation fine. We will modify the judgment to vacate the main jail booking and jail classification fees and impose the parole revocation fine.  As modified, we affirm the judgment.

1

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## BACKGROUND

In December 2017, a jury found defendant guilty of two counts of making criminal threats. (Pen. Code, § 422; statutory section citations that follow are to the Penal Code.) The trial court suspended imposition of sentence and placed defendant on five years' probation. The court also ordered a criminal protective order for the victim and a no contact order for the victim and the victim's family. The court imposed a $300 restitution fine (§ 1202.4), an identical probation revocation fine stayed pending successful competition of probation (§ 1202.44), a $99.19 main jail classification fee (Gov. Code, § 29550.2), a $402.38 main jail booking fee (Gov. Code, § 29550.2, and various other fines and fees. The court waived probation fees and costs. We affirmed the judgment on appeal. (*People v. Nguyen*, (Mar. 28, 2019, C086305) [nonpub. opn.].)

In 2020, the probation office filed a revocation of probation petition, alleging defendant had contacted the victim in violation of the criminal protective order and failed to obey all laws. Following a contested hearing, in which he represented himself, the trial court found defendant had violated probation by violating the protective orders. Accordingly, the trial court revoked defendant's probation.

The trial court sentenced defendant to the midterm of two years on one count of making criminal threats, and a consecutive term of eight months (one-third the midterm) on the second count, for an aggregate term of two years, eight months. The court awarded him 41 days of presentence custody credits and unstayed the probation revocation fine. The court did not impose and stay a parole revocation fine. (§ 1202.45.)

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to

review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We have, however, found errors which require correction. (*People v. Morales* (2014) 224 Cal.App.4th 1587, 1594, 1600.)

*Assembly Bill No. 1869*

In 2020, the Legislature passed Assembly Bill No. 1869 (2019-2020 Reg. Sess.) to "eliminate the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system." ((Assem. Bill No. 1869 (2019-2020 Reg. Sess.) § 2, eff. Sept. 18, 2020, operative July 1, 2021 (Assem. Bill No. 1869).) Among other provisions, Assembly Bill No. 1869 added Government Code section 6111. (Assem. Bill No. 1869 at § 11.) Government Code section 6111 became effective on July 1, 2021. It provides that "the unpaid balance of any court-imposed costs pursuant to Section 27712, subdivision (c) or (f) of Section 29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Gov. Code, § 6111, subd. (a).)

While this appeal was pending, Government Code section 6111 became effective. Pursuant to the plain language of the newly enacted statute, the unpaid balance of the criminal justice administration fee is unenforceable and uncollectible, and the portion of the judgment imposing such costs must be vacated. (Gov. Code, § 6111, subd. (a).)

*Parole Revocation Fine*

The trial court failed to impose a mandatory parole revocation fine of $300. In every case where the trial court imposes a restitution fine, a parole revocation fine is mandatory and must match the restitution fine. (§ 1202.45; *People v. Smith* (2001)

3

24 Cal.4th 849, 853.) The trial court's failure to impose a parole revocation fine in an amount not matching the restitution fine constitutes an unauthorized sentence, which may be corrected for the first time on appeal. (*Id*. at pp. 852–853; see also *People v. Terrell* (1999) 69 Cal.App.4th 1246, 1255–1256.)

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to strike the booking fee and main jail classification fee and to impose a $300 parole revocation fine suspended unless parole is revoked. As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and provide a certified copy to the Department of Corrections and Rehabilitation.

 

 

HULL, J.

 

We concur:

 

RAYE, P. J.

 

RENNER, J.