Filed 1/30/25  P. v. Archuleta CA4/2
See dissenting opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082960 |
| v. | (Super.Ct.No. RIF1605083) |
| RAYMOND ANTHONY ARCHULETA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed and remanded with directions.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa A. Mandel and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant Raymond Anthony Archuleta appeals from the trial court's order denying his request for resentencing under Penal Code section 1172.75 after the California Department of Corrections and Rehabilitation (CDCR) notified the trial court that his judgment includes a now-invalid prior prison term enhancement.[1] The trial court struck defendant's enhancements but declined to recall his sentence and resentence him under section 1172.75, subdivision (d).

On appeal, defendant argues that section 1172.75's resentencing procedure applies to any defendant who is serving prison or jail time on a judgment that includes a now-invalid prior prison term enhancement, regardless of whether the enhancement was originally stayed, or its punishment was stricken. We disagree. If the punishment on a now-invalid prison prior was stricken when the defendant was originally sentenced, then the defendant is ineligible for resentencing under section 1172.75, subdivision (d). We affirm.

## BACKGROUND[2]

Pursuant to a plea agreement, defendant pled guilty in April 2017 to a criminal threat (§ 422), and he admitted personal use of a deadly and dangerous weapon (§ 12022, subd. (b)(1)), a prior serious felony conviction (§ 667, subd. (a)), also referred to as a

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    Because defendant pled guilty and based on the nature of the issue raised on appeal, consideration of the underlying facts of this case is not necessary to determine the issue on appeal.

"nickel" prior), two prior strikes (§§ 667, subds. (c), (e)(2)(A), 1170.12, subd. (c)(2)(A)), and two prison priors (§ 667.5, subd. (b)). At sentencing, the trial court struck one of the strikes pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, and sentenced defendant to 12 years in state prison, consisting of the upper term of three years for the criminal threat, doubled for the remaining strike, plus one year for the personal use enhancement, and five years for the nickel prior.

Regarding the prison priors, the reporter's transcript reflects as to the first prison prior the court stayed the enhancement and struck the punishment, while for the second prior, the court "impos[ed] it but str[uck] it." The minute order of the sentencing, as well as the abstract of judgment, indicate that both prison priors were stayed.

In 2022, CDCR notified the trial court that defendant's abstract of judgment included prior prison term enhancements under subdivision (b) of section 667.5.

In October 2022, the People filed an opposition to defendant's resentencing, stating that the "court [had] stayed the two prison priors." The People argued that the court should "strike/dismiss his stayed prison priors," which "should be the end of the matter because there is no reduction of defendant's sentence to begin with." The People further argued that "[i]f these priors, unnecessary to the plea, had been dismissed at the time of the plea or stricken . . . instead of stayed at immediate sentencing, defendant would not have even been referred to this court by [CDCR]."

In January 2023, the People filed a supplemental memorandum with the court, opposing defendant's resentencing and arguing that the "court should summarily deny

resentencing and simply dismiss/strike the prison priors that were previously stayed, keeping the 12-year prison sentence intact."

In November 2023, defendant filed a motion in support of his resentencing, arguing that he was eligible "regardless of whether the prior was imposed and executed, stayed, or punishment stricken." (Capitalization omitted.)

The following month, the trial court held a hearing on defendant's eligibility for resentencing under section 1172.75. The court declined to recall defendant's sentence and resentence him under section 1172.75. The court found that defendant was ineligible because he was not "serving additional time" based on his prison priors. The court then struck defendant's prison priors on the ground that "post 2004 . . . we were directed to strike, not stay" prison priors and ordered an amended abstract of judgment to reflect the modifications.

Defendant appealed.

## DISCUSSION

Defendant argues that the trial court erred by failing to recall his sentence and resentence him under subdivision (d) of section 1172.75. We disagree.

As of January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) amended section 667.5, subdivision (b), to eliminate sentence enhancements for prior prison terms unless the prior terms were for sexually violent offenses. (Stats. 2019, ch. 590, § 1; *People v. Coddington* (2023) 96 Cal.App.5th 562, 567.) Section 1172.75, subdivision (a) states, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, . . . is legally invalid."

4

The statute requires the CDCR, and county correctional administrators must identify "persons in their custody currently serving a term for a judgment that includes an enhancement" under section 667.5, subdivision (b). (§ 1172.75, subd. (b).) Upon receipt of the list, the sentencing court must verify that the "the current judgment includes a sentencing enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) If so, the sentencing court must recall the sentence and resentence the defendant. (*Ibid*.)

At the resentencing hearing, a sentence less than the original sentence must be imposed due to the elimination of the enhancement, unless the court finds a lesser sentence would endanger public safety. The court must also apply any other changes in law that reduce sentences or provide for judicial discretion. (§ 1172.75, subd. (d)(1)-(2).) However, in *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*), we confronted a situation in which vacating the prison prior would not result in a lesser sentence because the punishment had already been stricken or stayed. We therefore held that because the one-year prior prison term enhancements under section 667.5, subdivision (b), had been stayed by the trial court, he was not entitled to a full resentencing hearing under section 1172.75.

The appellate courts are divided on whether resentencing is required where punishments for prior prison terms have been stayed or stricken, and the California Supreme Court has granted review in most of these cases. In *Rhodius, supra*, 97 Cal.App.5th 38, the sentencing court had originally imposed but stayed the punishment for two prison prior enhancements under section 667.5, subdivision (b). At the section

5

1172.75 hearing, the trial court struck the two prison priors but denied a full resentencing hearing. (*Rhodius*, at pp. 41-42.)

On appeal in *Rhodius*, this court interpreted the word "imposed" in subdivision (a) of section 1172.75 to mean a sentence enhancement that was "imposed and executed." (*Rhodius*, *supra*, 97 Cal.App.5th at pp. 44-45, 47-48.) We therefore held that section 1172.75 did not apply to prior prison term enhancements that had been stayed because the sentence would not be reduced at resentencing. (*Rhodius*, at pp. 45, 48-49.)

Other courts, such as the Fourth Appellate District, Division One in *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted February 21, 2024, S283189 (*Christianson*), interpreted the word "imposed" to include prior prison term enhancements which had been imposed and stayed. *Christianson* reasoned in part that the court retains the ability to lift the stay and impose the punishment for the enhancement under certain circumstances, which the court held was more in keeping with the Legislature's intent to reduce sentences when enacting section 1172.75. (*Christianson*, *supra*, at pp. 311-314; see *People v. Mayberry* (2024) 102 Cal.App.5th 665, 673-676, review granted Aug. 14, 2024, S285853 [Fifth District]; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1272-1273, review granted Mar. 12, 2024, S283547 [Third District]; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1281-1283 [Sixth District].)

However, the fact that the section 667.5 enhancement could be used in a potential resentencing does not add to the sentence imposed in this case. Section 1172.75 does not address any collateral consequences of a prior prison term enhancement.

In *People v. Espino* (2024) 104 Cal.App.5th 188, review granted October 23, 2024, S286987, the Sixth District Court of Appeal held that the term "imposed" as used in section 1172.75 also included prior prison term enhancements for which punishment had been stricken. *Espino* held that defendants with stricken punishment for prior prison term enhancements are entitled to full resentencing, reasoning that the Legislature intended the phrase "[a]ny sentence enhancement" in section 1172.75 to be applied broadly, whether the punishment was executed, stayed, or stricken. (*Espino, supra*, at pp. 196-197.)

The punishment for both the enhancements in this case was stricken. Therefore, they were not "imposed and executed" as required by section 1172.75, to qualify for a resentencing hearing. In fact, because the punishment was previously stricken, there was nothing more the trial court could do to impose a lesser sentence. (§ 1172.75, subd. (d)(1).)

However, the abstract of judgment must be corrected because (a) it does not conform to the oral pronouncement of judgment, and (b) section 1172.75 states that an enhancement imposed pursuant to section 667.5 is "legally invalid" (§ 1172.75, subd. (a)).[3]

---

[3]    Our dissenting colleague suggests that the abstract does not need to be amended because although it includes reference to the prison priors, it notes that the enhancements were stricken or stayed (dis. opn., *post*, at pp. 2-3). However, the mere inclusion of the reference to the enhancements—irrespective of their effect on the length of the sentence—is erroneous where the legislative intent was "to remove any invalid sentence enhancements." (Sen. Bill No. 483 (2020-2021 Reg. Sess.); Stats. 2021, ch. 728, § 3.) In other words, merely indicating that punishment for a prison prior was stayed or stricken

Respecting the disparity between the clerk's minutes and the oral pronouncement of sentence, the court's pronouncement of sentence struck the punishment for both enhancements, but stayed the imposition of the enhancements, whereas the minutes reflect that the court imposed the enhancements but stayed the punishment. "When there is a discrepancy between the oral pronouncement of judgment and the minute order, the oral pronouncement controls." (*People v. Morales* (2014) 224 Cal.App.4th 1587, 1594.) Because there is a distinction between striking and staying, the sentencing minute order and the abstract of judgment do not conform to the court's oral pronouncement and are therefore erroneous. (*People v. Clark* (2021) 67 Cal.App.5th 248, 256.)

Respecting the validity of an enhancement for which punishment has been stayed or stricken, it is important to recognize there is a legal distinction between striking and

---

in the abstract of judgment is insufficient, because striking or staying the punishment will not remove the enhancement.

When a defendant is convicted and sentenced to state prison, she or he goes to a reception center for classification and assignment to a particular level of incarceration. All aspects of the sentence, as well as information about the defendant taken from the probation report and sentencing memoranda, are used in the calculus of the defendant's classification: the number of counts of conviction, as well as the number of enhancements found, whether the victim was a peace officer, etc., and information about the actual sentence imposed, referring to the executed judgment that the CDCR will have to facilitate. (See Cal. Dept. of Corrections and Rehab., Operations Manual, § 61030.5.2 Legal Status; https://www.cdcr.ca.gov/regulations/cdcr-regulations/dom-toc/ (updated through January 1, 2024).)

The inmate's classification score determines what level of institutional security is required for the inmate's placement, which, in turn, affects the programs (educational or vocational) in which the inmate may participate, ranging from Level I (least serious/lowest level of security) to Level IV (most serious/highest level of security), and this, in turn, affects the amount of credit the inmate may earn.

8

staying. (*In re Pacheco* (2007) 155 Cal.App.4th 1439, 1444-1445.) A legally invalid enhancement is a nullity and may not be indicated on the abstract of judgment. As an invalid enhancement, a court cannot just stay or strike the punishment, but must vacate the enhancement itself.

The Legislative Counsel's Digest of Senate Bill No. 483 states the intent that the court should "resentence the individual to *remove* any invalid sentence enhancements." (Sen. Bill No. 483 (2021-2022 Reg. Sess.); Stats. 2021, ch. 728, §3, italics added.) Merely striking or staying the punishment for an enhancement does not remove it. Thus, where the enhancement itself must be vacated, as is the case pursuant to section 1172.75, it should not appear on the abstract of judgment and should not be subject to use in the future. "If a judge strikes the enhancement, it's as if the fact of the enhancement never existed—it will not remain on the defendant's criminal record nor will it affect them in any potential future sentencing." (*People v. Flores* (2021) 63 Cal.App.5th 368, 383.) Under current law, prison prior enhancements are unlawful; therefore, the abstract of the judgment imposed may not include them as part of the judgment, irrespective of whether punishment has been stricken or stayed.

Therefore, the minute order must be amended to reflect that the prison prior enhancements were vacated pursuant to section 1172.75, but that resentencing was not required by that statute. (See e.g., *People v. Morelos* (2022) 13 Cal.5th 722, 770.)

### DISPOSITION

The order finding that defendant is ineligible for resentencing is affirmed. The superior court is directed to amend the minute order of December 27, 2023, to reflect that

9

the prison prior enhancements are vacated pursuant to section 1172.75 and to forward a certified copy to the CDCR.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ _____

P. J.

I concur:

McKINSTER _____

J.

10

[*People v. Archuleta*, E082960]

MENETREZ, J., Dissenting.

The reporter's transcript reflects that at Raymond Anthony Archuleta's original sentencing in 2016, the trial court struck the punishment for both prior prison term enhancements under Penal Code section 667.5, subdivision (b). (Unlabeled statutory references are to this code.) The court also stayed one of the enhancements, apparently to avoid prohibited dual use, because the same conviction was being used as a strike and also for a serious felony enhancement under section 667, subdivision (a). (See *People v. Jones* (1993) 5 Cal.4th 1142, 1144-1145.) But the sentencing minute order and the abstract of judgment incorrectly state that both prior prison term enhancements were stayed and do not state that the punishment for those enhancements was struck.

At Archuleta's hearing on eligibility for relief under section 1172.75 in 2023, the trial court relied on the abstract of judgment and hence believed that the two prior prison term enhancements were stayed. The court struck both enhancements nunc pro tunc for reasons unrelated to section 1172.75, namely, that it was improper to stay rather than strike them in the first place. The court declined to resentence Archuleta under section 1172.75.

The trial court's order, though understandable (because the court was misled by the erroneous abstract of judgment), was erroneous. The court should have corrected the sentencing minute order and the abstract of judgment nunc pro tunc to conform to the original sentencing court's oral pronouncement of judgment, as reflected in the reporter's

1

transcript: The punishment on both prior prison term enhancements was struck and only one of them was stayed.

Had the trial court corrected those clerical errors in the sentencing minute order and the abstract of judgment, the court would have had no basis to strike the prior prison term enhancements. First, only one of the enhancements was stayed, the punishment for both was struck, and striking the punishment was authorized by section 1385, subdivision (b)(1). Second, although I previously was persuaded by *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted February 21, 2024, S283189, I have come to agree with *People v. Rhodius* (2023) 97 Cal.App.5th 38, 44, review granted February 21, 2024, S283169, that in subdivision (a) of section 1172.75, "imposed" means "imposed and executed." Because Archuleta's prior prison term enhancements were not imposed and executed, subdivision (a) of section 1172.75 does not apply to them and therefore does not render them legally invalid. And nothing else renders them legally invalid. The changes in section 667.5, subdivision (b), that limited prior prison term enhancements to sexually violent offenses do not of their own accord apply retroactively to final judgments like Archuleta's. (*In re Rodriguez* (2021) 66 Cal.App.5th 952, 963-964.) Only section 1172.75 makes those changes retroactive to (some) final judgments. But again, section 1172.75 does not apply to Archuleta, because "imposed" in subdivision (a) of section 1172.75 means "imposed and executed," and Archuleta's prior prison term enhancements were never executed. For all of these reasons, the trial court had no legal basis to strike those enhancements, so the court's order striking them was erroneous.

2

The majority opinion's direction to the trial court to vacate the prior prison term enhancements is somewhat puzzling. (Maj. opn., *ante*, at pp. 8-9.) It is not clear what the point of vacating enhancements that have already been stricken might be. The trial court at the section 1172.75 proceeding struck the enhancements in their entirety; it did not merely strike the punishment. The majority opinion gives no reason for directing the trial court to vacate them in addition (or instead?). Moreover, for the reasons already given, there is no legal basis to vacate (or strike) Archuleta's prior prison term enhancements. Section 1172.75 does not apply to them, so it does not render them legally invalid.

For all of the foregoing reasons, I believe that the correct disposition of this appeal is straightforward: We should vacate the trial court's order entered at the section 1172.75 proceeding and direct the court to enter a new and different order (1) correcting the clerical errors in the sentencing minute order and the abstract of judgment nunc pro tunc to reflect that only one prior prison term enhancement was stayed and that the punishment on both prior prison term enhancements was struck, and (2) denying all relief under section 1172.75. I therefore respectfully dissent.

MENETREZ          
J.

3