Filed 4/18/25  P. v. Marshall CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101856 |
| Plaintiff and Respondent, | (Super. Ct. No. 23FE006989) |
| v. | |
| MISTER MARSHALL, | |
| Defendant and Appellant. | |

Appointed counsel for defendant, Mister Marshall, filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant has filed a supplemental brief.  Having reviewed defendant's arguments and the record, we note the trial court failed to formally dismiss a count in accordance with the plea agreement.  We will amend the judgment to correct this error.  Finding no other

1

arguable errors that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

## BACKGROUND

The People filed a criminal complaint charging defendant with two counts of felony corporal injury on a cohabitant (Pen. Code § 273.5, subd. (a)) (subsequent undesignated statutory references are to the Penal Code). Following a preliminary hearing, the complaint was deemed the information, and defendant pled not guilty.

The People originally offered to settle the case if defendant pleaded to one of the two felony counts in exchange for probation and 180 days in county jail. Defendant presented a counteroffer to plead to a misdemeanor violation with 60 days in the sheriff's work project and 52 weeks in a batterer treatment program. The counteroffer included defense witness statements impacting the victim's credibility. After staffing the matter, the People accepted defendant's counteroffer.

In accordance with the plea agreement, defendant pled no contest to count one as a misdemeanor. In exchange, the trial court took defendant's waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754 on count two but failed to formally dismiss this count. The court also placed defendant on three years of formal probation under specified terms and conditions. Finally, the court awarded four actual days plus four conduct days for a total of eight days custody credit and imposed mandatory minimum fines and fees.

Defendant timely appealed, but did not obtain a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Defendant has filed a supplemental brief

2

complaining his trial attorney failed to effectively represent him at the preliminary hearing and plea agreement phases. He also amorphously complains of discrimination, which we will discuss more herein. Finally, he has submitted an extra record statement of his version of the events in support of his claims, which we cannot consider on direct appeal. (See *In re Kenneth D*. (2024) 16 Cal.5th 1087, 1102 [appellate court reviews record as it existed when lower court ruled]; *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267 [ineffective assistance must be demonstrated on appellate record].)

To challenge the judgment entered following defendant's no contest plea on the basis of ineffective assistance at the preliminary hearing and plea agreement phases, defendant must obtain a certificate of probable cause from the trial court. (§ 1237.5; Cal. Rules of Court, rule 8.304(b) (Rule 8.304); *People v. Stamps* (2020) 9 Cal.5th 685, 694-695; see, e.g., *People v. Richardson* (2007) 156 Cal.App.4th 574, 596 [pre-plea ineffective assistance of counsel].)

Here, defendant utilized a misdemeanor notice of appeal form that did not include a section for seeking a certificate of probable cause. Nevertheless, his appeal followed a no contest plea entered after the filing of a two-count felony indictment. In these circumstances, the case is a felony appeal even if defendant pled to a misdemeanor. (Rule 8.304(a)(2); *People v. Morales* (2014) 224 Cal.App.4th 1587, 1595-1599.) Thus, he needed to obtain a certificate of probable cause (Rule 8.304(b)(1)(A)), and his failure to do so means he may not obtain appellate review of his counsel's alleged deficient performance that impugns the validity of his plea. (§ 1237.5; *People v. Stamps*, *supra*, 9 Cal.5th at pp. 694-695; *People v. Richardson*, *supra*, 156 Cal.App.4th at p. 596.)

As to defendant's claim of discrimination, we acknowledge uncertainty as to the precise argument he intends to raise. Specifically, defendant's supplemental brief complains, "This case looks to have been conspired by [the defense attorney] and D.A. Caballeros to put another BLACK man on the records to get kudos with their comrades and superiors in the D.A.'s Office. [The defense attorney], Caballeros[,] and [the victim]

3

are of some kind of Spanish descent BUT so is [defendant] only, [defendant], is a darker skin and of Portuguese descent." To the extent defendant is complaining about unconstitutional discrimination (see, e.g., *In re Antazo* (1970) 3 Cal.3d 100, 109), that challenge would attack the validity of his plea and, therefore, require a certificate of probable cause. (§ 1237.5; *People v. Stamps*, *supra*, 9 Cal.5th at pp. 694-695.)

Defendant's claim might also be broadly understood to invoke the protections of the California Racial Justice Act of 2020 (Stats. 2020, ch. 317, § 1), which "prohibits the state from seeking or obtaining a criminal conviction, or seeking, obtaining, or imposing a sentence, on the basis of race, ethnicity, or national origin. ([]§ 745, subd. (a).)" (*People v. Wilson* (2024) 16 Cal.5th 874, 945.) To the extent defendant is making a Racial Justice Act claim, our review of the record disclosed nothing suggesting a Racial Justice Act violation in this case. (§ 745, subd, (a)(3), (a)(4).)

Having disposed of defendant's specific claims and having undertaken an examination of the entire record pursuant to *Wende*, we note that the trial court failed to formally dismiss count two in accordance with defendant's plea agreement. This failure does not affect the validity of the plea and thus is cognizable without a certificate of probable cause. (Rule 8.304(b)(2)(B), (b)(3).) We will amend the judgment to formally dismiss this count. Finding no other arguable errors that are favorable to defendant, we will affirm the judgment as modified.

## DISPOSITION

The appeal is dismissed as to the issues raised in defendant's supplemental brief that were precluded by defendant's failure to obtain a certificate of probable cause. The

4

judgment is amended to formally dismiss count two with a *Harvey* waiver in accordance with defendant's plea agreement.  The judgment is affirmed as modified.

                                                             _____

                                                             HULL, J.

We concur:

_____

EARL, P. J.

_____

KRAUSE, J.